NO. 07-10-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2011
_____

JOSE ALONZO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1152331D; HONORABLE RUBEN GONZALEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jose Alonzo was convicted, after a plea of guilty, of possessing, with intent to deliver, cocaine in an amount of four grams or more but less than 200 grams. Thereafter, he was sentenced to twenty years in prison. He claims on appeal that the trial court abused its discretion in considering a prior sexual assault when assessing punishment because the State failed to prove, beyond reasonable doubt, that the act

occurred and it was attributable to appellant. We overrule the issue and affirm the judgment.

Evidence may be offered at the punishment phase as to any matter the court deems relevant to sentencing including the prior criminal record of the defendant, his general reputation, his character, and any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant regardless of whether he has previously been charged with or finally convicted of the crime or act. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2010). This same rule applies when the trial court, as opposed to a jury, determines punishment. *Smith v. State,* 292 S.W.3d 36, 42-43 (Tex. App.–Houston [14[th] Dist.] 2006), *aff'd,* 227 S.W.3d 753 (Tex. Crim. App. 2007).

The prior sexual assault in question involved the sexual assault of a child. A grand jury no billed him of the charge in 2008. Appellant now contends that it was not shown beyond a reasonable doubt that he committed an offense.

Here, appellant testified at the punishment hearing about the prior assault. Furthermore, the trial court received into evidence a statement he had made to police. That evidence illustrated that appellant had touched the vagina and grabbed the breasts of a naked girl whom he later learned was under seventeen years of age. Furthermore, he not only knew she had been drinking alcohol at the time, but also was willing to have sex with her. Such is ample evidence for a trier of fact to determine that appellant committed the bad act in question. And, though appellant argues that the trial court made no express finding to that effect, he cites us to no authority indicating that such a finding was necessary. But, even if it was, we note the trial court's comment, when

pronouncing sentence:  ". . . Now, for whatever reason it was no-billed, the matter before the Court is that that is still a criminal act, wouldn't you say?"  That utterance certainly implies that the trial court found appellant's conduct to be a bad act worthy of consideration when assessing punishment.  Thus, we find no error.  *See Young v. State,* 283 S.W.3d 854, 876-77 (Tex. Crim. App.), *cert. denied,* ___ U.S. ___, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009) (holding that the defendant's out-of-court admission that he committed the act along with his possession of a gun and forensic evidence was sufficient to prove the bad act was attributable to appellant beyond reasonable doubt).

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.